UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11305-GAO

DANIEL MOUNTAIN,
Petitioner,

v.

STEPHEN KENNEDY, Superintendent of Old Colony Correctional Center,
Respondent.

OPINION AND ORDER
July 1, 2020

O'TOOLE, S.D.J.

A Massachusetts Superior Court jury convicted the petitioner, Daniel Mountain, of aggravated kidnapping, assault and battery by means of a dangerous weapon, larceny of a motor vehicle, burning of a motor vehicle, assault and battery, and larceny over two hundred fifty dollars. He was sentenced to a maximum term of imprisonment of 38 years. On direct appeal, his convictions were affirmed by the Massachusetts Appeals Court, Commonwealth v. Mountain, 888 N.E.2d 386 (Mass. App. Ct. 2008), and an application to the Supreme Judicial Court ("SJC") for further appellate review was denied. Commonwealth v. Mountain, 896 N.E.2d 630 (Mass. 2008). A subsequent motion to revise and revoke his sentence was denied by the Superior Court, and the denial was affirmed by the Appeals Court. Commonwealth v. Mountain, 922 N.E.2d 862 (Mass. App. Ct. 2010).

Mountain asserts that he then timely filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Massachusetts Supreme Judicial Court, but there is no such filing recorded on the SJC docket, something Mountain was aware of at the time. The record here does not contain any information about what efforts he undertook to pursue that ALOFAR.

Concerned that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") might expire while his effort to obtain further appellate review was pending, he also filed a petition for habeas relief pursuant to 28 U.S.C. § 2254 with this Court. Briefly stated, his claims in the petition were that the performance of his trial and appellate counsel had been constitutionally ineffective in that they failed to advance sentencing arguments that his mental health issues warranted a lower sentence than what was actually imposed. He then filed a motion to stay the habeas proceedings here until the Massachusetts Supreme Judicial Court ruled on his purported ALOFAR, which this Court granted. See Rhines v. Weber, 544 U.S. 269 (2005) (approving of "stay and abeyance" of habeas petition to permit exhaustion of state court remedies). This Court also appointed counsel for Mountain in this case.

In 2015, Mountain filed a motion for a new trial or reduction in sentence with the Superior Court. That court's denial of the motion was subsequently affirmed by the Appeals Court, and this second ALOFAR was thereafter denied by the SJC.

In September 2018, Mountain moved through counsel to amend his habeas petition to add a claim that his trial counsel had been constitutionally ineffective not only for failing to make an available sentencing argument, but also for failing to raise a defense at trial based on his claimed mental illness. The respondent opposed the motion and moved to lift the stay and to dismiss Mountain's petition.

Mountain argues that his proposed amendment is timely because it "relates back" to the original petition filed in 2010. Federal Rule of Civil Procedure 15(c) allows otherwise untimely amendments to a pleading to relate back to the date when the original pleading was filed if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Turner v. United States, 699 F.3d 578,

585 (1st Cir. 2012) (quoting United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005)). A claim does not relate back if it depends upon events "which are separate both in time and type from the events upon which the original claims depended." Ciampi, 419 F.3d at 24. "The relation back provision in habeas petitions is strictly construed." Turner, 699 F.3d at 585.

Although Mountain claims that his proposed amendment arises from the same core facts as the original claim, in substance it is both temporally and substantively distinct. Mountain's original claim focused on both trial and appellate counsels' arguments at his postconviction sentencing hearing and his later sentencing appeal. He did not make any claim about ineffectiveness at his trial itself. In fact, he made clear in his petition as originally filed that he was making claims *only* about the sentencing arguments. In his petition he says:

> Petitioner is not challenging the conviction, but rather, the fact that the length of sentence w/o the Court having considered his mental health records violates his 8th Amendment rights against cruel and unusual punishment and his 6th Amendment rights to a fair trial.

(Pet. under 28 U.S.C. §2254 for Writ of Habeas Corpus at 7 (dkt. no. 1).) As the respondent points out, he repeated the distinction between the sentencing arguments and the trial itself. (See Mem. Opp. Pet'r's Mot. Leave Amend Pet. Habeas Corpus & Supp. Resp't's Mot. Lift Stay & Dismiss Pet. at 5–6 (dkt. no. 22).)

His proposed amendment seeks to broaden the scope of his original claim by asserting that his trial counsel was ineffective at trial by failing to present a mental health defense. That is a claim he took care to explain was *not* included in the original petition. Because this claim shifts focus from sentencing arguments to trial strategy, it is distinct in both "time and type" from the events upon which Mountain's original claims depended, and under the standard for amendment

discussed above, it cannot be said to "relate back" to the original claims under Rule 15(c). The motion to amend is therefore DENIED.

The respondent has moved to lift the stay in this action and dismiss Mountain's habeas petition for failure to exhaust state court remedies. Mountain does not oppose lifting the stay, and there is no longer good cause to maintain it.

Under AEDPA, state prisoners must "'exhaust[] the remedies available in the courts of the State' before seeking relief on a given claim in federal court." Jaynes v. Mitchell, 824 F.3d 187, 192 (1st Cir. 2016) (quoting 28 U.S.C. § 2254(b)(1)(A)); see Kholi v. Wall, 582 F.3d 147, 154 (1st Cir. 2009) ("The exhaustion requirement gives state courts the initial opportunity to correct errors otherwise cognizable in federal habeas proceedings."). In order to satisfy the exhaustion requirement, a petitioner must "fairly and recognizably" present his claim in each appropriate state court. See Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir.1997); Baldwin v. Reese, 541 U.S. 27, 29 (2004). Where, as here, "a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007). Accordingly, in Massachusetts, if a claim is not presented to the SJC in an ALOFAR, that claim has not been sufficiently exhausted and may not be presented in a federal habeas petition. Clements v. Maloney, 485 F.3d 158, 168 (1st Cir. 2007). The record as it stands indicates that the SJC never considered Mountain's first ALOFAR. No such document is recorded on the SJC docket. It appears from the record in this case that Mountain was aware that his purported ALOFAR had not been docketed. It was his responsibility to see that it was properly received by the SJC and docketed. This Court stayed this

action so that he might properly exhaust his claims, but so far as it appears, that never happened. The claims in the petition therefore being unexhausted, the respondent's motion to dismiss the petition is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge